ORIGINAL ORIGINAL                               19MAG12017

Approved: _____Sheb Swett/ALF_____
STEPHANIE LAKE / SHEB SWETT / ALINE FLODR
Assistant U.S. Attorneys

Before:   HONORABLE BARBARA C. MOSES
          United States Magistrate Judge
          Southern District of New York

- - - - - - - - - - - - - - - - x
                                 :   **COMPLAINT**
                                 :
UNITED STATES OF AMERICA         :   Violations of 18 U.S.C.
                                 :   §§ 1201, 1951, and 2.
         - v. -                  :
                                 :
JOSIEL GUSTAVO MARTINEZ GUZMAN,  :   COUNTY OF OFFENSE:
EDWARD HERNANDEZ, and            :   BRONX
WALKIN FRANCISCO ARIAS VILLAR,   :
                                 :
         Defendants.             :
                                 :
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

EDWARD MATEO, being duly sworn, deposes and says that he is Special Agent with the U.S. Drug Enforcement Administration ("DEA"), and charges as follows:

**COUNT ONE**

1. On or about December 23, 2019, in the Southern District of New York and elsewhere, JOSIEL GUSTAVO MARTINEZ GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCISCO ARIAS VILLAR, the defendants, and others known and unknown, unlawfully and knowingly seized, confined, inveigled, decoyed, kidnapped, abducted, and carried away and held for ransom and reward and otherwise, an individual (the "Victim"), and in so doing did use a means, facility, and instrumentality of interstate and foreign commerce, and did transport the Victim in interstate commerce, to wit, the defendants abducted the Victim and transported him from the Bronx, New York to Connecticut.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

**COUNT TWO**

2. In or about December 2019, in the Southern District of New York and elsewhere, JOSIEL GUSTAVO MARTINEZ GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCISCO ARIAS VILLAR, the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with other to violate Title 18, United States Code, Section 1201(a)(1).

3. It was a part and object of the conspiracy that JOSIEL GUSTAVO MARTINEZ GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCISCO ARIAS VILLAR, the defendants, and others known and unknown, did unlawfully and knowingly seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise, the Victim, and in so doing did use a means, facility, and instrumentality of interstate and foreign commerce and did transport the Victim in interstate commerce, in violation of Title 18, United States Code, Section 1201(a)(1).

**Overt Acts**

4. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, was committed in the Southern District of New York and elsewhere:

   a. On or about December 23, 2019, JOSIEL GUSTAVO MARTINEZ GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCISCO ARIAS VILLAR, the defendants, forcibly placed the Victim in the defendants' car in the Bronx, New York, and transported the Victim to other locations, including locations in Connecticut.

   b. On or about December 23, 2019, JOSIEL GUSTAVO MARTINEZ GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCISCO ARIAS VILLAR, the defendants after torturing the Victim and pointing a firearm at the Victim, demanded that the Victim transfer $15,000 from the Victim's bank account to a bank account controlled by a co-conspirator.

   (Title 18, United States Code, Section 1201(c).)

**COUNT THREE**

5. On or about December 23, 2019, in the Southern District of New York and elsewhere, JOSIEL GUSTAVO MARTINEZ

GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCISCO ARIAS VILLAR, the defendants, and others known and unknown, unlawfully and knowingly did commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, MARTINEZ GUZMAN, HERNANDEZ, and ARIAS VILLAR and others, through violence and at gunpoint, forced the Victim, whom they believed to be a money-laundering broker, to transfer $15,000 from the Victim's bank account.

(Title 18, United States Code, Sections 1951 and 2.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

6. I have been a DEA Special Agent for approximately two years. During that time, I have participated in numerous investigations of unlawful drug distribution as well as money laundering. During the course of those investigations, I have conducted or participated in surveillance, drug transactions with undercover officers and confidential informants, the introduction of undercovers, the execution of search warrants, debriefings of witnesses, and reviews of taped conversations and drug records. Through my training, education, and experience, I have become familiar with the manner in which illegal drugs are imported and distributed; the way in which illegal drugs are prepared, packaged, and sold on the street; some of the methods of payment for such drugs; and some of the methods that are used to disguise the source and nature of the profits made by drug dealers.

7. This affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as a review of documents and recordings. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### December 23, 2019 Transaction

8.   Based on my conversations with other law enforcement officers involved in this investigation and the Victim, as well as my review of materials obtained in the course of this investigation, I have learned, among other things, the following:

   a.   The Victim is a money-laundering broker who has conducted both pickups and drop-offs of narcotics proceeds and other illicit funds in New York City and elsewhere. On or about Thursday, December 19, 2019, the Victim agreed to conduct a surveilled money-laundering transaction at the direction of the DEA. In particular, the Victim agreed to retrieve approximately $178,000 in cash from other individuals in the Bronx, New York. The Victim understood that this cash was the proceeds of narcotics sales.[1]

   b.   On or about December 20, 2019, an undercover officer involved in the transaction ("UC-1") received a text message from a particular telephone number (the "Drop Number"), requesting that UC-1 retrieve $178,000 on or about December 22, 2019. The user of the Drop Number subsequently changed the pickup date to December 23, 2019, and provided UC-1 with a particular address in the Bronx as the pickup location (the "Pickup Location").

   c.   On or about Monday, December 23, 2019, the user of the Drop Number instructed UC-1 to meet him at 7:00 pm.  UC-1 provided the Victim with the undercover phone, and the Victim, acting at law enforcement direction, traveled to the Pickup Location at approximately 7:00 pm on December 23, 2019.

   d.   Law enforcement conducting surveillance of the money pickup observed a particular vehicle (the "Kidnapping Vehicle") arrive at the Pickup Location.  Law enforcement observed a Hispanic male, later identified as JOSIEL GUSTAVO MARTINEZ GUZMAN, the defendant, exit the Kidnapping Vehicle and speak with the Victim.  Another passenger in the Kidnapping Vehicle subsequently exited the Kidnapping Vehicle and, along with MARTINEZ GUZMAN, appeared to strike the Victim and force

---

[1] The Victim agreed to participate in the transaction in consideration for leniency for his own criminal conduct. The Victim has provided information to the DEA which has been corroborated and deemed credible.

4

the Victim into the Kidnapping Vehicle. The Kidnapping Vehicle then departed the area at a high rate of speed.

      e. On or about December 23, 2019 at approximately 7:49, an undercover law enforcement agent ("UC-2") contacted a money-laundering broker who has worked with the Victim ("Broker-1") over WeChat claiming to be the Victim's cousin. UC-2 asked Broker-1 what had happened to the Victim. Broker-1 sent UC-2 the WeChat contact information for an individual ("Individual-1") who Broker-1 represented was Broker-1's boss.

      f. UC-2 contacted Individual-1 over WeChat and informed Individual-1 that the Victim has been abducted while doing a cash pickup for Individual-1. Individual-1 confirmed that the Victim had been abducted, and claimed it was because the Victim had taken hundreds of thousands of dollars from Individual-1 and his associates, and that it was time for the Victim to repay the money. Individual-1 demanded that UC-2 send $500,000 to Individual-1 to secure release of the Victim, and sent UC-2 a photograph of the Victim being held down in the back seat of a car.

      g. At approximately 9:50 pm, Individual-1 sent UC-2 an audio clip which I believe included the Victim's voice crying, while another individual yelled "pay the money."

    9. Based on my involvement in this investigation, I know that law enforcement officers were able to obtain geolocation information regarding the Drop Phone's location, which showed that the Kidnapping Vehicle drove from the Bronx, New York, through various counties in New York State, and eventually into Connecticut at approximately 10:00 p.m. on or about December 23, 2019. Based in part on the geolocation information, law enforcement officers located and pulled over the Kidnapping Vehicle on or about December 23, 2019 at approximately 10:30 p.m. in Fairfield, Connecticut. JOSIEL GUSTAVO MARTINEZ GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCICSO ARIAS VILLAR, the defendants, as well as the Victim, were in the Kidnapping Vehicle. MARTINEZ GUZMAN, HERNANDEZ, and ARIAS VILLAR were arrested and the Victim was recovered, alive but with a number of injuries, including a broken nose and a concussion. Law enforcement officers retrieved a Raven Arms P-25 firearm (the "Firearm") from a hidden compartment inside of the Kidnapping Vehicle.

    10. Based on my conversations with the Victim, I have learned, among other things, the following:

        a.   During the period of the Victim's abduction, EDWARD HERNANDEZ, the defendant, drove the Kidnapping Vehicle, while JOSIEL GUSTAVO MARTINEZ GUZMAN, the defendant, assaulted the Victim by striking the Victim and burning the Victim with cigarettes. WALKIN FRANCISCO ARIAS VILLAR, the defendant, pointed the Firearm at the Victim repeatedly while the Victim was confined in the Kidnapping Vehicle.

        b.   In exchange for the Victim's freedom, MARTINEZ GUZMAN, HERNANDEZ, and ARIAS VILLAR demanded, among other things, that the Victim transfer funds to a Hong Kong bank account (the "Hong Kong Account"). The Victim, fearing for the Victim's life, transferred $15,000 from the Victim's personal bank account to the Hong Kong Account.

WHEREFORE, I respectfully request that JOSIEL GUSTAVO MARTINEZ GUZMAN, EDWARD HERNANDEZ, and WALKIN FRANCISCO ARIAS VILLAR, the defendants, be imprisoned or bailed, as the case may be.

_____
EDWARD MATEO
Special Agent
Drug Enforcement Administration

Sworn to before me this
26th day of December, 2019

_____
HON. BARBARA C. MOSES
United States Magistrate Judge
Southern District of New York